I give the floor to Mr. Clyde, Mr. Anderson, or the appellant. Good morning. Good morning, Your Honor. May it please the court, Mr. Wisdom and Korndorff. Thank you. This case and this argument boils down to what two minutes. Thank you. In the meaning of two words, non-informant, is the key to this case, key to what the meaning of those words are. Because Judge Caldwell upheld the, or dismissed, or did not sustain our motion to suppress based on the fact that the informant was named and was named in the search warrant affidavit. But while the informant was named, and his name was Compton, he was not a known informant. A known informant has to be a person who supplies the information firsthand that is used by the affiant to obtain the search warrant. Who was the informant in your opinion? Well, there wasn't one. The brother? No, there was no informant. That's what I'm saying here. Doesn't known imply whether the it's firsthand or not? Well, they certainly knew about him. I guess we're going to have to explain what happened with respect to their knowledge of the known informant. What the police did with the known informant, Compton, was to arrange for him to set up a controlled buy, but not with the target, or not with my client, our client, not with Greg Howard. There's two Howards in this case. Greg Howard is the defendant and the appellant here. Now, they set up a controlled buy between the so-called known informant and with Brian Howard. So Brian Howard came to the residence of the so-called known informant and he did involve himself in a transaction. He's never been charged. He may not even know that he was involved. Was his name in the affidavit? His name is in the affidavit, but it's... Compton's name's in the affidavit. Is Compton's name and the brother's name both? Compton's name is in the affidavit and Brian Howard's name is in the affidavit, but he did involve himself in the so-called controlled buy. For our purposes, there is no controlled buy, because the prosecution was based on this being charged with drug crimes, but as a result of this affidavit, but this affidavit was not based on facts known to the informant. The informant, the known informant, had never been to Greg's house, didn't know what was in Greg's house, did not know Greg apparently, had had no business with Greg, had never seen drugs in Greg's house, and he's the known informant. And the difference between a known informant and an informant, or a person supplying information, that should be what we call it I guess, a person supplying information. A known informant becomes reliable or available for use in a search warrant when he suffers the risk of being charged with falsifying evidence. And in this case, the Compton could not be charged with that. That's how you get to be a known informant, is you have to be able to be charged if you give false information. And he did not give false information, because he... Can you base a warrant upon a hearsay? Well, some aspects of it, but not the affidavit. You didn't have any hearsay in the affidavit. Well, there's plenty of hearsay in this affidavit, but it's alleged to have come from Compton. What do you base the idea that the lack of first-hand knowledge goes to whether the informant was known or not, as opposed to the issue of reliability? Well, of course, they're separate. The reliability... If their point is that Compton is the one who was known, but Howard was the actual informant, and he was not known, but I mean, I just don't get how... I mean, I understand the relevance of this, and I agree with you that it's highly relevant. I just don't understand the construct that you're putting this in and where that comes from. There's only one informant. There are no two informants. Well, where does that come from, that known goes to this issue, as opposed to whether the individual was known to police? I think that's in the Hodge case that I've cited. You have to be a person, in order to be used in an affidavit for the truth of your statements, must have knowledge, and he had no knowledge. Compton had no knowledge. I always thought that known referred to whether the police had a basis for believing him reliable. In fact, this affidavit doesn't say anything about whether Compton was known or not. So it seems to me that's the point. Well, that's the second aspect. They didn't do that either. The police did not, and it's not in the affidavit, they did not claim that Compton was known to be reliable. They don't claim that he's supplied information in the past, so they don't get there either. They don't bolster their affidavit with information that he's been used in the past and the information he's given is reliable. They don't do that. It's not in the affidavit. I agree with that. So they're out, I think, on two counts there. It's in the cases that I've cited about the requirement that what actually constitutes legally a person who can give information as an informant to base a policeman's affidavit as a basis for the affidavit for the search warrant. Does it help the affidavit if the affiant mentions the name of the people who gave the information, not just say a reliable informant or an informant? They sat him out. Compton and Bryan, right? Bryan was unsuspecting, still is apparently. He didn't know what was going on here other than he was... Well, he must have because he went out there and bought some oxycodone, right? Well, maybe. We don't know where he got that. And that's the thing about this search warrant. There is nothing in this search warrant to indicate personal knowledge that there were drugs in Greg's house and that Greg was selling drugs. There was...they fall back on...and Judge Caldwell dealt with the fact that when they made a further investigation, the further investigation was that perhaps there was drug activity at the store that he owned and ran, a grocery store. But that doesn't have anything to do with his residence and didn't have anything to do with him. So, what was said to Compton by Bryan... Was the residence and the store both in the same building? Oh, no, no. They were several miles apart. And, you know, it's a country store out in the little community. Sometimes people live in the store, you know. I know, I know. Especially up on Coon Creek. Right, where we come from. That's right. But they don't hear. This is in Bloomington, which is really closer probably to West Liberty than it is to Tigersville. Although it is in McAuliffe County. And sometimes we get...when we see the word magistrate signing off on something... We didn't have a United States magistrate sign off on this warrant. This was signed off by a district court judge. Yeah, a district judge. State district judge, which generally handles misdemeanors. And very seldom do they have to deal with search warrant issues other than issuing them. They don't have to get into whether or not they're good, bad, or the challenges that are made to those search warrants and affidavits. So, I've got 10 seconds I see. So, your honor, I guess I'll get the rest of my argument in my reserved time. Thank you. All right. Thank you. May it please the court. My name is Christine Korndorf and I represent the United States. Judge Gibbons, you raised the point of whether an informant is named. What does that go to? The answer is very clear in this court's case law. Whether an informant is named and known to police goes to the informant's reliability. Because of the legal consequences of lying to law enforcement tends to ensure the reliability of the informant's statement. But whether or not the informant is named and known is just one fact amongst the totality of the circumstances that this court looks to when deciding whether or not an informant's statement is reliable. The court also looks to whether there are attestations of the informant's provision of previously reliable information. It also looks to whether or not the police have corroborated the informant's statement. And here we have that corroboration. The police arranged a controlled buy and observed Brian Howard go to Greg Howard's residence and observed his car there, the informant's car, excuse me, just as Sean Compton had predicted the transaction would occur. Did they say that Sean Compton or Brian was reliable or had been used before or anything like that? No, Your Honor. Those facts are not stated within the four corners of this affidavit. But statements that an informant has provided previously reliable information are not absolutely necessary to establish probable cause. That's just one way that an informant's statement can be shown to be reliable. It can also be shown to be reliable by a named informant, like we have here, or through the corroboration of events, which we also have here. What corroboration did they have here? Did they see Brian go to the house where the defendant lived and come out with a pill or something like that? Well, Your Honor, they saw Sean Compton's car arrive at Greg Howard's residence. When Sean Compton originally came to police... Sean Compton wasn't in that car. Sean Compton was not in that car. Brian Compton. No. But I think that the informant's original statement is important. He came to police and he reported the ways in which Greg and Brian Howard distributed oxycodone pills. Sean Compton told them that Brian Howard does not own his own vehicle, that Brian Howard borrows the vehicle of the drug purchaser and takes that vehicle to Greg Howard's residence. Just as the informant reported to police, the control by corroborated. Sean Compton went to Brian Howard. Brian Howard took Sean Compton's car and drove it to Greg Howard's residence. Sean Compton's car was observed by police at Greg Howard's residence. It returned to Sean Compton back at Brian Howard's home, and when Brian Howard handed over the pills, he said to Sean Compton, I got these pills from Greg Howard. I went to his home and I picked those up. Greg Howard is lying low because he's afraid of getting caught by police. Well, some of that is not exactly in the affidavit. Well, the parts that Sean Compton said that Brian Howard told him are, and the police were conducting surveillance at Greg Howard's residence and observed Sean Compton's car at Greg Howard's residence. But I did paraphrase, I think, the way that Brian Howard reported back to Sean Compton. I would concede also that that is hearsay. You know, Judge Slaughter, you would ask whether or not an affidavit can rely on hearsay, and this Court's case law is very clear that hearsay is an appropriate basis for a magistrate to rely on when determining that probable cause exists. Mr. Howard seems to want to impose a new rule in this known informant so-called rule when he says that personal knowledge is required. But the knowledge of the informant is just another fact that we view in the totality of circumstances when assessing his reliability. Both the veracity of the informant and also the basis of knowledge are two issues that we look at when we decide whether or not the informant's statement is sufficient to establish probable cause. Well, the affidavit mentions that the state police have been hearing tips about it coming out of Howard's grocery, but this didn't come out of Howard's grocery, according to your opponent. That is correct. The police had also received tips that Greg Howard was trafficking an oxycodone from his grocery, and the police also had conducted controlled buys out of the grocery. Those facts are probably, in my view, additional facts that we look at in the totality of circumstances when assessing whether... There's no allegation that Greg Howard personally was involved in those buys. No, there is not, Your Honor. But there were tips that because that was Greg Howard's grocery store that Greg Howard was involved. These seem to me just to be additional facts to view within the totality of circumstances when we combine them with the known informant statement and also the controlled buy, which observed Sean Compton's car pulling up to Greg Howard's residence. That prediction of events, the way an informant reports how something is going to occur in the future, had been held in cases like Neal and a case that Mr. Howard cited McClellan out of the Seventh Circuit to be strong indicia of reliability in an informant statement. This case strikes me as one in which the officers really did not do as much as is normally done to try to corroborate this type of informant. That doesn't necessarily mean that the motion to suppress should be granted, but it does suggest... I mean, normally there would be more surveillance, more trying to corroborate than just we saw Compton's car at Greg Howard's on a single occasion. I mean, because you're not starting out with the best situation. I mean, you've got an individual, we don't know how the police knew anything about him, we don't have any record of past reliability, and everything he's relating is basically hearsay. So, I mean, it's not the best scenario for the officers. Now, they may have squeaked bye-bye the skin of their teeth, but it's hardly an ideal law enforcement operation. Right, I understand those points, Judge, and I think you're right that the ultimate issue in this case is did the police do enough? Here, I submit that they did. As we've stated, there's a named and known informant. This court gives a lot of weight to named and known informant statements in terms of reliability. There was corroboration by the police. Could they have done more? Perhaps they could have. But this court's probable cause jurisprudence tells us to view the affidavit by what it states and not by what could have been done or what's missing. And here, I think the known informant's prediction of events, his reporting to police that Brian Howard will borrow my car when I go to buy drugs from him and will go to Greg's house, will pick up the drugs, and come back. He tells that to police, and that's exactly what the police observe in the controlled buy. That's a strong indication of that informant's reliability. Of course, this informant is known in the sense that his name is known, but there's none of the normal history of the... That's right, but that's not required. This court has said in cases like United States v. Miller that a deficiency in one area, so for example, the fact that the affidavit doesn't state that this informant had been used in the past and provided reliable information in the past, can be counterbalanced by strength in other indicia of reliability. For example, the fact that he's named, the fact that police conducted a controlled buy, that they corroborated parts of the informant's statement, including by observing Brian Howard taking Sean Compton's car to Greg Howard's residence, just as his initial statement indicated. If this affidavit and warrant is insufficient, are you relying upon Leon, or is that not a fallback on your position? No, we would, Your Honor. We submit that the affidavit was supported by probable cause. Everything okay? I'm sorry. No, that's okay. I've made noise this morning. I hope that's because my argument was so strong you just lost your hand on that. I'm sorry. We're just trying to wake this matter up. I seem to have knocked off some of Judge Clay's files, too, in the process. I'm sorry. No, that's absolutely no problem. I was just saying that although we submit that the affidavit was certainly supported by probable cause, even if the court were to find that it would not, the good faith exception articulated in Leon would prevent the application of the exclusionary rule. The affidavit here is not a bare-bones affidavit. It contains more than speculation and just mere suspicions. It contains particularized facts, such as the known informant's statement that Greg Howard was distributing oxycodone from his residence through his cousin Brian. It also contains particularized facts with respect to the controlled body, which mirrored the known informant's original statement and included police surveillance at Greg Howard's home. Those together indicate that it's not a bare-bones affidavit and the police officers were objectively reasonable in their reliance on that affidavit. All right. Well, if there's no further questions, thank you. Thank you very much. Any rebuttal? Your Honors, I believe that named does not constitute known. And this named confidential informant, or named informant, he wasn't confidential, is not, known takes on a little extra meaning. It means that he, known means that he had personal knowledge, and he did not have personal knowledge. And I cite to you the case of, I think it's Hodge, United States versus Hodge, 7-14-5-3-3-80, and at 3-85, page 3-85, which upheld a search because it was the reason, because the known informant did have personal knowledge. And the court says, The reason a statement from a known informant is sufficient to establish probable cause is the legal consequence of lying to law enforcement tends to ensure reliability. The rule is when a witness has seen evidence in a specific location in the immediate past and is willing to be named in the affidavit probable cause is generally established. So this man, this hearsay is different here, because the whole basis of the affidavit and warrant is hearsay, if that's the case. You can use hearsay in warrants, but I don't think you can use hearsay because Brian can't be prosecuted for giving false testimony. I mean, Brian could if he were to be called a witness and falsely testified, but Compson can't be prosecuted because he didn't give false testimony or false information to the officer who got the affidavit. He said what Brian told him, though, did he not? Yeah, he said what Brian told him, but you can't be prosecuted for falsifying evidence for what somebody told you. That's hearsay. You can only be, it's what you know and what you did that you can be charged with falsifying. So that's the key here. This man was, this was not the type of informant that you can use as the backbone of a search warrant, and I don't think the courts are willing to go that far to extend this controlled by scenario. The prosecution says even if you win that that Leon saves the warrant. No, Leon does not save it because Leon, Your Honor, the third circumstances in Leon, if the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or in other words, where the warrant application was supported by nothing more than a bare bones affidavit, and I say this is a bare bones affidavit. This affidavit is what we call in Kentucky a fishing expedition affidavit. They list everything. They list all types of criminal activity. Everything known to man. So this is just a general, you know, fill in the blanks affidavit and search warrant. Now this is a bare bones affidavit. There's no particular, you don't see anything particularly describing the interior of this man's house, and I read the case U.S. v. Neal, and in that case they did uphold on Leon, but the reason was that they were able to show that there was a potential criminal activity at that house, and the residence that was searched apparently was a residence where criminal activity took place, and the confidential informant and the police officer or the affiant had determined that, what's his name, Neal's brother had paid the utilities there, and that Neal's brother and Neal were involved together in drug business. So there was something that the officers, and also there wasn't that business that we have the third element, the affidavit was so lacking in additional probable cause. I think that the fact that this affidavit was so lacking in additional probable cause that you can't use the Leon case to uphold it in good faith. Thank you, Your Honor. Thank you, and the case is submitted.